IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF )
CARPENTERS PENSION FUND et al )
)
Plaintiffs, ) Case No. 14 CV 2616
)
) Judge Der-Yeghiayan
v. )
)
MERIDIENNE CORPORATION )
)
Defendant. )

## MOTION TO REINSTATE AND FOR JUDGMENT

Now come the Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al. ("the Funds"), by their attorney, Nicholas E. Kasmer and Travis Ketterman of McGann, Ketterman, & Rioux, and respectfully request that this Court Reinstate this matter and enter Judgment for the Plaintiffs against Meridienne Corporation. In support of the motion, the Plaintiffs state as follows:

1. On April 11, 2014, the Plaintiffs filed this action against Meridienne Corporation ("Meridienne or Defendant") to collect on the findings of an audit that was performed on Meridienne at the request of the Plaintiffs. (Ex A., Entry 1.)

2. Plaintiffs and Defendant exchanged and engaged in discovery.

3. Plaintiffs and the Defendant took part in a settlement conference before the Honorable Mary M. Rowland which was unsuccessful. (Ex A., entry 29-31.)

4. Plaintiffs and Defendant agreed to litigate this matter via written submissions to the Honorable Samuel Der-Yeghiayan at a status conference on February 18, 2016. (Ex. A., entry 39.)

5. The status order from that hearing states as follows:

"MINUTE entry before the Honorable Samuel Der-Yeghiayan: Pretrial conference held. By agreement of the parties and as stated on the record, the Court will hold the trial on the parties' written submissions. Plaintiffs' opening brief and evidence shall be filed by 03/24/16. Defendant's responsive brief and evidence shall be filed by 04/18/16. Plaintiffs' rebuttal brief shall be filed by 05/02/16 and Defendant's rebuttal brief, if any, shall be filed by 05/09/16. Counsel advised the Court that within 7 days, the parties will meet and confer in an attempt to resolve the matter. Mailed notice (mw, ) (Entered: 02/18/2016)"

6. Pursuant to that order the Plaintiffs submitted their Trial Brief on March 24, 2016. (Ex., A., entry 40.)

7. A copy of that Brief is provided as an exhibit to this Motion. (Ex., B.)

8. The Defendant did not provided any response or responsive brief as required under the February 18, 2016, status order.

9. Plaintiffs filed a reply on May 2, 2016, asking the Court to enter Judgment for the Plaintiffs based upon its filings and the Defendant's lack of a response. (Ex., A., entry 43.)

10. A copy of that Reply is provided as an exhibit to this Motion. (Ex., C.)

11. Plaintiffs submitted a proposed order as part of that Reply which sought the sum of $98,788.10 as judgment in the matter. (Ex., C.)

2

12. On May 2, 2016, the Defendant filed a voluntary petition for Chapter 7 Bankruptcy in the Northern District of Illinois. (Ex., D and E.)

13. Defendant as part of its bankruptcy petition lists of debt owed to Plaintiffs as $98,788.10. (Ex., E.)

14. On May 18, 2016, Judge Der-Yeghiayan held a status hearing in which this matter was dismissed with the ability to reinstate when the bankruptcy proceedings concluded. (Ex., A, entry 47.)

15. On December 6, 2017, the Defendant's bankruptcy case was closed. (Ex. D.)

16. The Bankruptcy Trustee reported that he had "neither received any property nor paid any money on account of" the Defendant's bankruptcy. (Ex. D.)

17. A corporation cannot discharge its debts in a Chapter 7 Bankruptcy. 11 U.S.C. § 727; *Brown v. Moo & Oink, Inc.* (In re Moo & Oink, Inc.), 2012 Bankr. LEXIS 1243, 2, 2012 WL 987742 (B.R. N.D. Ill, 2012); *A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, 2017 U.S. Dist. LEXIS 93134, 23-24, 2017 WL 2619144 (N.D. Ill., 2017); *In re Push & Pull Enterprises, Inc.*, 84 B.R. 546, 548, 1988 Bankr. LEXIS 694, 5-6, 18 Collier Bankr. Cas. 2d (MB) 1156 (B.R. N.D. Ind., 1988).

18. A party holding an unsecured claim against a Chapter 7 debtor can prosecute its claim following the closure of the bankruptcy. *A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, 2017 U.S. Dist. LEXIS 93134, 23-24, 2017 WL 2619144 (N.D. Ill., 2017).

19. This matter should be reinstated because the bankruptcy that prevented the matter from continuing has now concluded which now allows for this matter to come to a final resolution.

20. This Court should also grant the Funds a final judgment against the Defendant as part of this motion.

21. The Funds were seeking a final judgment against the Defendant in the amount of $98,788.10. (Ex. C.)

22. The Defendant admitted as part of the bankruptcy filing that the aforementioned amount is owed to the Funds. (Ex. F.)

23. The owner of Meridienne indicated under oath that the liabilities listed in the bankruptcy filing were correct. (Ex., F., pgs 16-18.)

24. Documents and schedules filed by a bankruptcy debtor are treated as evidentiary admissions. *In re Standfield*, 152 B.R. 528, 531, 1993 Bankr. LEXIS 502, 3 (B.R. N.D. Ill., 1993)

25. The Defendant has then admitted that the amount being sought by the Funds in this matter, $98,788.10, is correct and accurate.[1]

---

[1] The Funds are not seeking any updates on additional attorney fees or damages. Only the amount admitted in the bankruptcy and sought as part of the original Reply brief. A proposed order (Ex. H) shows such.

4

26. Not only has the Defendant admitted as part of its bankruptcy petition that said amount is correct, the Defendant also failed to in anyway contest the accuracy of the Funds claim during the trial by paper in this action.

27. The Defendant failed to file a responsive brief to the Funds original trial brief.

28. As such, it should be deemed that the Defendant also admitted that the Funds claims are correct and accurate as part of the trial by paper in this action.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter a judgment directing the Defendant within 10 days to submit payment to the Plaintiffs' in the amount of $98,788.10. In addition, the Plaintiffs request that this Court retain jurisdiction to award the Plaintiffs' their costs and attorneys' fees incurred in executing or otherwise collect on this judgment.

Respectfully submitted,

/s/ Nicholas E. Kasmer

Nicholas E. Kasmer, one of the
attorneys for the Funds

Nicholas E. Kasmer
McGann, Ketterman, & Rioux
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700
(312) 251-9700 (facsimile)